IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Nathaniel Simmons, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Officer J. Grinnell, *individually and in his official capacity*; City of Williamston, ) <br> ) <br> ) <br> ) <br> Defendant. ) | Case No. 8:25-cv-09697-JDA <br><br> **OPINION AND ORDER** |

This matter is before the Court on Plaintiff's Amended Complaint and a Report and Recommendation ("Report") of the Magistrate Judge. [Docs. 6; 10.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings.

The Clerk docketed Plaintiff's Amended Complaint on August 8, 2025.[1] [Doc. 6.] On August 13, 2025, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that this action be dismissed without issuance and service of process and without leave to amend. [Doc. 10.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 18.] On August 25, 2025, the Clerk docketed objections to the Report from Plaintiff. [Doc. 12.]

---

[1] The Amended Complaint replaces Plaintiff's prior Complaint. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect." (internal quotation marks omitted)); [*see also* Doc. 1].

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

The Report recommends summary dismissal of the Amended Complaint based on the *Younger* abstention doctrine "[t]o the extent Plaintiff's claims are brought to challenge the charges pending against him in the Williamston Municipal Court" [Doc. 10 at 6]; *see Younger v. Harris,* 401 U.S. 37 (1971). In addition, the Report recommends summary dismissal of the Amended Complaint because Plaintiff "has not alleged facts to establish a claim upon which relief can be granted for a constitutional violation under § 1983." [Doc. 10 at 8.]

In his objections, Plaintiff argues that *Younger* does not bar his claims because he "does not seek to overturn or interfere with any state traffic proceeding"; rather, he "seeks damages under . . . § 1983 for independent constitutional violations committed during the

2

stop itself." [Doc. 12 at 1.] To this end, Plaintiff claims "state traffic proceedings do not provide a full and adequate opportunity to litigate complex federal claims. . . ." [*Id.* at 2.] Regarding the Magistrate Judge's conclusion that the Amended Complaint fails to state a claim for relief, Plaintiff contends that the Magistrate Judge "improperly applied a higher standard than Rule 8 [of the Federal Rules of Civil Procedure] requires" and failed to construe the Amended Complaint liberally. [*Id.*] Finally, Plaintiff claims that "the proper remedy would be to permit further amendment rather than dismiss outright." [*Id.*]

The Court has conducted a de novo review of the Report, the record, and the applicable law. As an initial matter, the Court declines to accept the Report's conclusions regarding *Younger* abstention, as the pertinent traffic infraction no longer appears on the Anderson County Tenth Judicial Circuit Public Index. *See generally* https://publicindex.sccourts.org/Anderson/PublicIndex/PISearch.aspx (last visited Dec. 4, 2025) (search by case number 9102P0706965). Accordingly, the Court cannot confirm that the charges against Simmons are still ongoing, as required by *Younger*. *See Martin Marietta Corp. v. Md. Comm'n on Hum. Rels.,* 38 F.3d 1392, 1396 (4th Cir. 1994).

Nevertheless, the Court accepts the Report on alternate grounds: the Amended Complaint fails to state a plausible claim for relief under § 1983. In his objections, Plaintiff points to the following facts in his Amended Complaint purporting to state a claim: "(i) Officer J. Grinnell unlawfully detained Plaintiff beyond the scope of a routine traffic stop, violating the Fourth Amendment; (ii) Plaintiff was retaliated against for exercising free speech rights, violating the First Amendment; and (iii) the City of Williamston failed to properly train and supervise its officers, giving rise to municipal liability . . . ." [Doc. 12

3

at 2.] However, as the Magistrate Judge explained in detail, such facts do not facially satisfy the elements of Plaintiff's constitutional claims.[2] [Doc. 10 at 8–17.]

In conclusion, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference to the extent consistent with this Order. Accordingly, this action is DISMISSED without issuance or service of process, without leave to amend,[3] and without prejudice.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

December 5, 2025
Greenville, South Carolina

---

[2] To the extent Plaintiff asserts a claim for malicious prosecution, the Court declines to accept the Magistrate Judge's Report on the grounds that "Plaintiff has not alleged facts showing that the criminal proceedings ended without a conviction." [Doc. 10 at 12.] That said, Plaintiff's malicious prosecution claim would still fail because Plaintiff does not plausibly allege Officer Grinnell seized him without probable cause. *See Evans v. Chalmers,* 703 F.3d 636, 647 (4th Cir. 2012) (stating the elements of a constitutional claim for malicious prosecution).

Further, Plaintiff's submission of the Williamston Police Department's Internal Affairs Investigation Disposition does not cure the deficiencies in his Amended Complaint regarding municipal liability. [*See* Doc. 12-3; Doc. 12-2 at 1 ("The letter is directly relevant to Plaintiff's claims, particularly his **Monell claim** against the City of Williamston, as it demonstrates the City's policy and practice of excusing misconduct and failing to discipline officers even after complaints are filed.").] In particular, the disposition does not show any predicate constitutional violation under the First or Fourth Amendments. [*See* Doc. 10 at 16.] Moreover, a single disposition cannot demonstrate a *policy* or *custom* of consistent misconduct. [*See id.* at 17.]

[3] In his objections, Plaintiff seeks further leave to amend. [Doc. 12 at 2.] However, as the Magistrate Judge concluded, "Plaintiff . . . already filed an Amended Complaint," and "[f]urther leave to amend would be futile." [Doc. 10 at 17 n.5.]

4

## **NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.